UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
::
MILLENNIUM, L.P.,                                          :   Index No.: 07-CV-4061 (RWS)
:
Plaintiff,                              :
:
-against-                                                  :
:
COLUMBIASOFT CORPORATION,                                  :
:
Defendant.                              :
---------------------------------------------------------- :
x

---

**DEFENDANT COLUMBIASOFT CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

---

                COLE, SCHOTZ, MEISEL,
                FORMAN & LEONARD, P.A.
                A Professional Corporation
                Attorneys for Defendant,
                ColumbiaSoft Corporation

Of Counsel:
Tonkon Torp LLP
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION ...................................................................................................................

FACTUAL BACKGROUND ...................................................................................................1

    I.    DEFENDANT COLUMBIASOFT CORPORATION. ..........................................1

    II.    MILLENNIUM, L.P. ............................................................................................2

LEGAL STANDARD GOVERNING MOTIONS TO TRANSFER VENUE ...............................2

THE COURT SHOULD TRANSFER THIS CASE TO THE DISTRICT OF OREGON..............3

    I.    THE ACTION COULD HAVE BEEN BROUGHT IN THE DISTRICT OF OREGON. ....................................................................................................4

    II.    OREGON IS A SIGNIFICANTLY MORE CONVENIENT FORUM. ..................4

        A.    The Convenience of the Witnesses Weighs Heavily in Favor Transfer. ...................................................................................................4

        B.    The Documents and Other Evidence are Primarily Located in Oregon. ......................................................................................................5

        C.    The Convenience of the Parties Strongly Favors Transfer to Oregon. ......................................................................................................6

        D.    The Locus of operative Facts is in Oregon ..................................................6

        E.    The Availability of Process for Witnesses Favors Transfer. .......................7

        F.    The Interests of Justice Favor Transfer to Oregon......................................7

        G.    The Remaining Factors are Neutral. ...........................................................7

CONCLUSION...........................................................................................................................8

## TABLE OF AUTHORITIES

| CASES | PAGES |
|---|---|
| <u>Millennium, L.P v. Hyland Software, Inc.</u>, 2003 WL 22928644, (S.D.N.Y.) | 3, 5, 6, 7 |
| <u>Viacom Int'l., Inc. v. Melvin Simon Prods. Inc.</u>, 774 F. Supp. 858 (S.D.N.Y. 1991) | 6 |

**STATUTES**

| | |
|---|---|
| 28 U.S.C. § 1391 | 4 |
| 28 U.S.C. § 1400(b) | 4 |
| 28 U.S.C. § 1404(a) | 1, 2 |

99999/0091-1483493v1

Defendant ColumbiaSoft Corporation ("ColumbiaSoft") submits this memorandum of law in support of its Motion to Transfer Venue to the District of Oregon.

## PRELIMINARY STATEMENT

ColumbiaSoft moves, pursuant to 28 U.S.C. § 1404(a), to transfer this patent infringement case to the United States District Court for the District of Oregon because that forum is significantly more convenient than this District, and the action could have been brought there originally.

Plaintiff Millennium, L.P. ("Plaintiff" or "Millennium") chose to file this action in the Southern District of New York despite the fact that the judges in this District—including this Court—have on least five prior occasions transferred nearly identical cases to other Districts pursuant to 28 U.S.C. § 1404(a).[1]  Rather than simply acknowledging these prior rulings, and initially filing this case in Oregon as it should have, plaintiff has forced ColumbiaSoft to make, and this Court to address, the very same convenience arguments once again.  The result in this case should be no different than in the five prior cases: the Court should transfer this case to the more convenient forum, which in this case is Oregon.

## FACTUAL BACKGROUND

### I. Defendant Columbiasoft Corporation

ColumbiaSoft is an Oregon corporation with its headquarters and principal place of business located just outside of Portland, Oregon.  ColumbiaSoft was founded in Oregon in 1998 by Richard Day, who currently acts as its President and CEO.  ColumbiaSoft provides affordable enterprise document management solutions to its customers across the United States.

---

[1] For the Court's reference, three of the opinions in those cases are attached to this Memorandum.  The docket sheets for other transferred cases are attached to the Declaration of John McIntrye, which is being filed with this Memorandum.

(Declaration of Richard Day in Support of Defendant ColumbiaSoft Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Day Decl"), ¶ 2, submitted herewith).

ColumbiaSoft is a small company, with just 27 employees, 23 of whom work out of the company's Portland, Oregon headquarters. The other four employees are salespeople located in Florida, Connecticut, Seattle and California. None of the ColumbiaSoft's employees are located in New York, let alone the Southern District of New York. ColumbiaSoft's employees travel to New York infrequently, for general sales efforts. (Day Decl. ¶¶ 3-4).

Nor does New York make up a significant target of ColumbiaSoft's business. In 2006, ColumbiaSoft's sales to customers located in New York made up only 6.6% of its total sales. (Day Decl. ¶ 5).

### II.     Millennium, L.P.

Millennium, L.P. is a company organized and existing under the law of the Cayman Islands, with its principal place of business located in the Cayman Islands. (Complaint ¶ 1). The Complaint does not allege any connection that Millennium has with this District or the State of New York. ColumbiaSoft's investigation has revealed that Millennium has no apparent presence in this District, and that its sole officer/employee, Mitchell Medina, is currently living in Kenya. (Declaration of John McIntyre in Support of Defendant ColumbiaSoft Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("McIntyre Decl."), ¶¶ 2-4, Exs. 1-3, submitted herewith).

### LEGAL STANDARD GOVERNING MOTIONS TO TRANSFER VENUE

Motions to transfer venue are governed by 28 U.S.C. § 1404(a):

> "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought."

In deciding a motion to transfer, the Court must go through a two-step analysis. The Court must first decide whether the action could have been brought in the proposed transferee forum. If so, the Court considers whether the convenience of the parties and witnesses and the interests of justice warrant transfer. Millennium, L.P v. Hyland Software, Inc., 2003 WL 22928644, at *2 (S.D.N.Y.).

The decision to transfer lies within the sound discretion of the district court. In considering whether convenience and the interests of justice favor transfer, courts have commonly weighed a number of factors, including: (1) the convenience of witnesses; (2) the location of relevant documents and evidence; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process for witnesses; (6) the interests of justice; (7) the court's familiarity with governing law; (8) the relative means of the parties; and, (9) the deference to plaintiff's choice of forum. Id. at *2-*3.

**LEGAL ARGUMENT**

**THE COURT SHOULD TRANSFER THIS CASE TO THE DISTRICT OF OREGON**

The prior rulings transferring plaintiff's patent infringement cases from this District give this Court an easy roadmap to follow in deciding ColumbiaSoft's motion to transfer. In particular, Judge Chin granted a defendant's motion to transfer in Hyland Software, supra, when faced with nearly identical facts to this case.

In short, both prongs of the transfer analysis under Section 1404(a) are easily satisfied here. The action could have been brought in the District of Oregon, as ColumbiaSoft resides there. And there is little doubt that convenience and the interests of justice favor transfer to Oregon.

3

### I.     THE ACTION COULD HAVE BEEN BROUGHT IN THE DISTRICT OF OREGON.

Jurisdiction for a patent infringement suit is governed by 28 U.S.C. § 1400(b), which provides as follows:

> "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

ColumbiaSoft could clearly be sued in the District of Oregon pursuant to 28 U.S.C. § 1400(b). ColumbiaSoft resides in the District of Oregon, as it is incorporated in Oregon and its headquarters and principal place of business are located there. 28 U.S.C. § 1391. The first prong of the test under Section 1404(a) is satisfied here.

### II.    OREGON IS A SIGNIFICANTLY MORE CONVENIENT FORUM.

The circumstances of the case strongly weigh in favor of transfer to Oregon. The parties and the underlying facts and evidence have virtually no connection to this District, whereas ColumbiaSoft's headquarters, employees and documents are located in Oregon. All of the factors that courts consider when deciding transfer motion either weigh heavily in favor of transfer to Oregon, or are neutral to transfer.

#### A.    The Convenience of the Witnesses Weighs Heavily in Favor Transfer.

None of the witnesses in this case have any significant connection to this District, whereas many of the witnesses are located in Oregon. ColumbiaSoft is located in Oregon, as are 23 of its 27 employees. None of ColumbiaSoft's employees work or reside in the State of New

4

York, let alone this District. The ColumbiaSoft employees who are likely to be witnesses are as follows:[2]

| Name | Position |
| --- | --- |
| Richard Day | President and CEO |
| Scott Zeig | Director of Engineering |
| Eugene Eley | Engineer |
| Carl Azar | Head of Marketing and Product Development |
| Cathy Hansen | Controller |

All of these witnesses work at ColumbiaSoft's headquarters in Portland, Oregon and reside in the Portland, Oregon metropolitan area. None of the witnesses affiliated with ColumbiaSoft are located in New York, nor do they travel there on a regular basis. (Day Decl ¶ 4).

Millennium does not have any employees in this District. Millennium's president merely has office space that he maintains in the District—but he resides in Kenya. (McIntyre Decl., Exs. 1-3, 8). This factor weighs strongly in favor of transfer.

### B. The Documents and Other Evidence are Primarily Located in Oregon.

In a patent infringement case, the location of the defendant's documents is a significant consideration in deciding a motion to transfer, since the bulk of the relevant evidence usually comes from the defendant. <u>Hyland Software</u>, at *4. As with its employees, ColumbiaSoft's documents are located primarily in Oregon. (Day Decl. ¶ 6). This factor therefore weighs strongly in favor of transfer.

---

[2] Day Decl. ¶ 7.

### C. The Convenience of the Parties Strongly Favors Transfer to Oregon.

Neither of the parties has any significant ties to this District. Indeed, Millennium does not appear to have significant ties to any District in the United States. Its principal lives in Kenya, and it is located and incorporated in the Cayman Islands. (Complaint ¶ 1; McIntyre Decl. Exs. 1-3, 8). There is no evidence to suggest that Millennium will have any greater inconvenience in maintaining suit in Oregon as opposed to New York.

By contrast, ColumbiaSoft is incorporated and located in Oregon, and its employees and documents are located in Oregon as well. It would be significantly more convenient for ColumbiaSoft to litigate this case in Oregon. Accordingly, the convenience of the parties weighs heavily in favor of transfer to Oregon.

### D. The Locus of Operative Facts is in Oregon

The locus of operative facts is a primary factor to consider in deciding a motion to transfer venue. Hyland Software, supra, at *3. "In patent infringement cases, the locus of operative facts is where the allegedly infringing product was designed, developed, and managed" Id. Indeed, "[c]ourts routinely transfer cases where the principal events occurred, and the principal witnesses are located, in another district." Viacom Int'l., Inc. v. Melvin Simon Prods. Inc., 774 F. Supp. 858, 868 (S.D.N.Y. 1991).

In this case, the allegedly infringing product was designed, developed and managed in Oregon. To the extent there is any connection to New York, it is minimal when compared to the connection to Oregon. The locus of operative facts is therefore in Oregon, which weighs strongly in favor of transfer to Oregon.

### E. The Availability of Process for Witnesses Favors Transfer.

Any former ColumbiaSoft employees that may be witnesses in this case are likely located in Oregon. (Day Decl. ¶ 3). By contrast, there does not appear to be anyone located in this District that may be a witness. This factor weighs in favor of transfer.

### F. The Interests of Justice Favor Transfer to Oregon

For all of the reasons discussed above, this District, and the State of New York, have virtually no connection to this case. As between New York and Oregon, there is no question but that Oregon is a significantly more convenient and natural forum for this case. Considerations of convenience and the interests of justice strongly favor transferring this case to Oregon.

### G. The Remaining Factors are Neutral.

The other factors that courts typically consider in deciding transfer motions are, at worst, neutral in terms of transfer to Oregon. Given that this case involves federal patent law, rather than state law, there is no difference between Oregon and New York in terms of the respective courts' familiarity with the governing law. Hyland Software, at *6. There also is no evidence that there is any significant difference in the relative means of the parties. Finally, although the plaintiff's choice of forum is usually entitled to some weight, it should not be given any significant weight here in light of the fact that New York has no real connection to this case.

## CONCLUSION

Based on the foregoing, Oregon is clearly a more convenient forum for this patent infringement lawsuit. The Court should therefore grant ColumbiaSoft's motion to transfer this action to the United States District Court for the District of Oregon.

| | |
|---|---|
| DATED: New York, New York<br>Dated: July 2, 2007 | COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br>A Professional Corporation<br>Attorneys for Defendant,<br>ColumbiaSoft Corporation |
| | By: *s/s David M. Kohane*<br>David M. Kohane<br>900 Third Avenue, 16th floor<br>New York, NY 10022-4728<br>(212) 752-8000 |

8