ATTACHMENT 1-C

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2465586 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

Millennium, L.P. v. Concom Systems, Inc.
S.D.N.Y.,2005.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
MILLENNIUM, L.P., Plaintiff,
v.
COMCOM SYSTEMS, INC., Defendant.
No. 05 Civ. 5436(GEL).

Oct. 5, 2005.

Jean-Marc Zimmerman, Zimmerman, Levy & Korsinsky, L.L.P., Westfield, NJ, for Plaintiff Millennium, L.P.
Christopher M. Paprella, Nixon Peabody LLP, New York, N.Y. (Matthew T. McLaughlin), for Defendant ComCom Systems, Inc., of counsel.

OPINION AND ORDER

LYNCH, J.

*1 Defendant moves to dismiss this patent infringement action for lack of personal jurisdiction and improper venue, or in the alternative to transfer the case to the Middle District of Florida. The motion will be granted.

An extended opinion is unnecessary in this matter, since the case is virtually identical to two prior cases decided by this Court in which the same plaintiff brought similar claims against similar defendants. *Millennium, L.P. v. Dakota Imaging, Inc.,* No. 03 Civ. 1838(RWS), 2003 WL 22940488 (S.D.N.Y. Dec. 15, 2003), and *Millennium, L.P. v. Hyland Software, Inc.,* No. 03 Civ. 3900(DC), 2003 WL 22928644 (S.D.N.Y. Dec. 10, 2003). Like the defendants there, defendant here is a small software company, whose only contact with this District or with the State of New York is that it has sold software to a New York client (although it maintains that the sale was actually made in Florida), visited trade fairs in New York to solicit business, and maintains a passive website that is accessible from New York to advertise its wares. If the case is distinguishable at all from the prior cases, the differences are that ComCom's sales to New York appear to be fewer, and that since the prior cases were decided, plaintiff's principal has ceased to be a resident of New York and has moved to Nairobi, Kenya (although he maintains residential property in New York and asserts that he visits here frequently to manage his business interests here).

Although defendant's contacts with New York are limited, they are sufficient to constitute transacting business. Wherever the sale to ComCom's New York customer was formally consummated, according to defendant's own website the sale involved installation and maintenance assistance on site in New York by defendant's personnel. If the software involved infringed plaintiff's **patents**, as alleged in the complaint, then defendant has actively assisted in promoting that infringement in New York, and the cause of action arises from those activities. This would appear to satisfy the requirements that ComCom purposely availed itself of the opportunity to transact business in New York, and that there is an "articulable nexus" or "substantial relationship" between the claim and ComCom's actions in this state, such that the ComCom could have reasonably anticipated that it would be required to defend an action in New York. *Dakota Imaging,* 2005 WL 22940488, at *3. ComCom's actions are therefore sufficient to establish personal jurisdiction under New York law, and therefore also to establish proper venue under 28 U.S.C. § § 1400(b) (venue proper in "judicial district where the defendant resides") and 1391 (corporation "resides" in any district in which it is subject to personal jurisdiction).

However, for the same reasons discussed by Judges Sweet and Chin in *Dakota Imaging* and *Hyland Software,* transfer of the action is appropriate. The Court has taken cognizance of the burden of proof on a party seeking transfer to make a clear and convincing showing that transfer of venue is appropriate, and has taken account of the deference owed to the plaintiff's choice of forum. It is undisputed that the case could have been brought in the Middle District of Florida, where defendant maintains its principal (indeed, only) place of business. Balancing the factors ordinarily considered in cases of this kind, which are clearly set forth in *Dakota Imaging,* 2005 WL 22940488, at *6, and *Hyland Software,* 2003 WL 22928644, at *3, the Court concludes that for the same reasons discussed in those cases, the balance of convenience of the parties tilts decidedly in favor of transferring venue from this district to that of the defendant's principal place of business. To the extent there is any difference at all between this case and those, the case

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                Page 2
Not Reported in F.Supp.2d, 2005 WL 2465586 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

for transfer is even stronger here, since defendant's chief witness is in poor health and apparently would have great difficulty traveling out of Florida, while plaintiff's principal no longer resides in New York, and thus would have to travel from his home in Africa to some United States location in order to appear in this litigation, whereas at the time the previous cases were decided, he resided in New York, which would therefore have been a more convenient location for him. Accordingly, transferring the case would not simply shift the inconvenience of litigation from defendant to plaintiff; the convenience of the parties and witnesses would be on balance significantly greater if the case were transferred.

*2 Accordingly, the defendant's motion to dismiss for lack of personal jurisdiction or proper venue is denied, but its motion to transfer venue to the Middle District of Florida is granted.

SO ORDERED.

S.D.N.Y.,2005.
Millennium, L.P. v. Concom Systems, Inc.
Not Reported in F.Supp.2d, 2005 WL 2465586 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.